

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


☐ **ORIGINAL**

---

DORIS ANDERSON, **CV 14**

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. BRANDON DILDY
(Tax Reg #952685),

Defendants.

**5478**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

SCANLON, M.J.

ORIGINAL

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

2014 SEP 18 AM 11: 02

FILED
CLERK

---

Plaintiff, DORIS ANDERSON, by her attorneys, ROBERT J. DIGIANNI JR., as and for her

complaining of the defendants, hereby alleges the following:

## PRELIMINARY STATEMENT

1.     Plaintiff DORIS ANDERSON brings this action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her

civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional

provisions.

3.     Plaintiff DORIS ANDERSON further invokes this Court's supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive

from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), (c) and § 1402(b) because the claims arose in this district and Plaintiff DORIS ANDERSON resides in this district.

## JURY DEMAND

5.      Plaintiff DORIS ANDERSON respectfully demands a trial by jury of all issues in this matter pursuant to Fed.R.Civ.P. 38(b).

## THE PARTIES

6.      Plaintiff, DORIS ANDERSON ("Ms. Anderson"), is and was at all relevant times hereto a citizen of the United States and a resident of the County of Kings and State of New York.

7.      Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, New York City Police Department ("NYPD"), is a charter agency of the City authorized to perform law enforcement functions in and for the City.  Defendant City maintains the NYPD, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      Defendant, Police Officer BRANDON DILDY (Tax Reg #952685) ("P.O. Dildy"), is and was at all times relevant hereto an employee of The City, duly appointed and acting as a police

officer in NYPD, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

10.     That at all times relevant herein, P.O. Dildy was a supervisory employee of, and an agent, servant and/or employee of The City, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties.  He is sued individually and in his supervisory capacity.

11.     That at all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of The City and the State of New York.

12.     That at all times relevant herein, the City operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

13.     That at all times relevant herein, P.O. Dildy was an employee of The City and NYPD and that The City and NYPD are responsible for the actions and conduct of the individual defendants under the theory of *respondeat superior.*

14.     That at all times relevant herein, P.O. Dildy was personnel of The City and NYPD.

15.     That at all times hereinafter mentioned and upon information and belief, The City and NYPD employed and supervised P.O. Dildy.

16.     Upon information and belief, P.O. Dildy was a graduate of the Police Academy of The City of New York, where he received training and instruction set forth and sanctioned by The City and NYPD.  Further, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and

NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks. Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein. In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

17.    At all times relevant hereto, The City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, P.O. Dildy, to conform his conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

18.    At all times relevant hereto, The City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels, P.O. Dildy, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

19.    At all times hereinafter mentioned, upon information and belief, P.O. Dildy was acting in his capacities as employees, agents or servants of The City.

20.    At all times hereinafter mentioned, P.O. Dildy was acting under color of law.

21.    At all times hereinafter mentioned, the defendants' acts constituted state action.

22.    That at all times hereinafter mentioned, P.O. Dildy was on duty and/or acting as employees, agents or servants of The City and were also present at the same time and in the same place as plaintiff as aforesaid.

## STATEMENT OF FACTS

23.     That or about June 11, 2013, Ms. Anderson was a lawful citizen abiding by all laws, statutes and ordinances of the State of New York and the United State of America.

24.     That on or about June 11, 2013, Linden Boulevard at and about its intersection with 146th Street in the County of Queens and State of New York was and remains a public roadway ("roadway").

25.     On or about June 11, 2013, Ms. Anderson was lawfully operating a 2000 Saturn ("vehicle #1") on the roadway at the time and place as stated herein.

26.     That on or about June 11, 2013, Ms. Anderson was unlawfully stopped and approached by approximately eight (8) uniformed police officers, falsely arrested and imprisoned by said officers.

27.     That on or about June 11, 2013, Ms. Anderson was beaten, battered and assaulted thereby causing her to sustain personal injuries, pain and suffering, embarrassment, humiliation and emotional distress due to the negligence, recklessness and/or intentional acts of the defendants.

28.     That on or about June 11, 2013, defendants had no probable cause to stop, detain and arrest Ms. Anderson.

29.     That on or about June 11, 2013, defendants attempted to excuse their treatment of Ms. Anderson due to the fact she allegedly had her vehicle's window tinted too dark.

30.     That on or about June 11, 2013, Ms. Anderson's vehicle did not have unlawfully dark windows.

31.     That on or about June 11, 2013, after the defendants' illegal stop of Ms. Anderson, defendants continued to illegally detain her based on their meritless and erroneous allegation that there was an open bench warrant (#67635) for her arrest issued October 20, 1999.

32.     That on or before June 11, 2013 the false warrant had been deemed issued in error and the Court had previously held that there was no open warrant regarding the indictment.

33.     That on or about June 11, 2013, Ms. Anderson was in possession of and presented to defendants, a Certificate of Disposition dated October 4, 2001 irrefutably proving that the false warrant had previously been deemed issued in error and the Court had previously held there was no open warrant regarding the above Indictment.

34.     That on or about June 11, 2013, defendants disregarded the Certificate of Disposition and used the false warrant as a pretense to unlawfully imprison Ms. Anderson.

35.     That on or about June 11, 2013 the false warrant was erroneously listed as open in the defendants' filing system, and constituted inexcusable neglect for which defendants are liable because it would not have occurred and the Certificate of Disposition would not have been ignored but for improper training, education, and supervision of defendants' agents, resulting in their depraved indifference to the violation of individuals' civil rights, and in particular, Ms. Anderson's.

36.     That on or about June 11, 2013, Ms. Anderson was falsely arrested, unlawfully imprisoned and wrongfully subjected to a strip search.

37.     That on or about June 11, 2013, Ms. Anderson was initially detained at the 113th Precinct for four (4) hours and transported to and detained in Queens County Central Booking for twelve (12) hours on charges stemming from the initial stop.  The Queens County Criminal Court case information is as follows: Docket Number 2013QN032069, NYSID No.: 8401757H.

38.     That on or about June 11, 2013, the charges in Queens County Criminal Court resulting from the initial stop were dealt with and Ms. Anderson should have been released from custody on June 11, 2013 at approximately 4:30 p.m.

39.     That on or about June 11, 2013, defendants continued to disregard the fact that the Certificate of Disposition irrefutably proved the above-referenced warrant was closed and not in effect.

40.     That on or about June 11, 2013, defendants unlawfully imprisoned and detained Ms. Anderson at Rikers Island for approximately fifteen (15) hours, then transferred her to Central Booking in Kings County where she was held for approximately five (5) additional hours.

41.     That on or about June 11, 2013, Ms. Anderson informed defendants at the 113th Precinct that she was a Type II diabetic and insulin dependent.

42.     That on or about June 12, 2013, at approximately 3:00 a.m. Ms. Anderson again advised defendants that she required insulin.

43.     That on or about June 12, 2013, defendants stated that they did not care and refused her access to insulin; in fact Ms. Anderson informed defendants of her disease and insulin dependence at ever stage of detention and also advised them all of the fact she needed insulin forthwith.

44.     That on or about June 12, 2013, defendants denied Ms. Anderson insulin at every stage of detention, for approximately twenty five (25) hours, equating to six (6) doses denied.

45.     That on or about June 12, 2013, Ms. Anderson began exhibiting severe life threatening symptoms resulting from her lack of insulin and that she was finally allowed medical attention on June 12, 2013 at approximately 4:00 a.m. on Rikers Island.

46.     That on June 12, 2013, Ms. Anderson was brought before Honorable Michael Gary in Kings County Criminal Court regarding the fraudulent indictment and outstanding warrant.

47.     That on or about June 12, 2013, Honorable Michael Gary confirmed that the warrant was in error and stated "there is absolutely no reason in the world this warrant should have existed."

48.     That on or about June 12, 2013, Honorable Michael Gary released Ms. Anderson and apologized for the defendants' negligence.

49.     That the arrest of Ms. Anderson by the individual defendants was perpetrated without a warrant or other legal process and without probable cause.

50.     That on or about July 19, 2013, defendants made false representations, accusations, allegations and complaints concerning Ms. Anderson to agents, servants and/or employees of NYPD and The City and the District Attorney's Office acted on the representations of the defendants herein and initiated criminal proceedings against the plaintiff herein.  Furthermore, the defendants knew that the District Attorney's Office would rely upon their representations and the defendants knew that the District Attorney's Office would file criminal charges and prosecute the plaintiff based upon their representations and the allegations and facts that these named individual defendants communicated to the District Attorney's Office.

51.     Additionally, the individual defendants knew that the allegations that they communicated to the District Attorney's Office were false, exaggerated, inaccurate and untrue but they communicated said allegations nonetheless, knowing that plaintiff would be subjected to a criminal prosecution and knowing that the plaintiff's freedom and liberty would be jeopardized and, if convicted upon the false charges, plaintiff would be incarcerated, thereby losing her freedom and liberty.  As will be discussed *infra,* the individually named defendants, state actors, were acting pursuant to a policy, custom and practice, which was formulated, designed and implemented by the defendant City and NYPD, and which policy, custom and practice required the individually named defendants to make a certain, predetermined number and amount of arrests each week, month and year, irrespective of the conditions or lack of criminal conduct that existed in their precinct or sector during their shifts or tours.

52.     That these policies, customs and practices also encouraged, taught, instructed and/or required police officers to make arrests, stops, detentions and to target members of the public based on their appearance, race, ethnicity and irrespective of their conduct, lawful or otherwise, thereby violating the rights of the public, including the plaintiff herein.

53.     These policies, customs and practices were designed and formulated by the defendants City and NYPD and implemented and effectuated by its officers, by their very nature violated the rights of the public, and violated the rights of the plaintiff herein.

54.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, knew or reasonably should have known that Ms. Anderson was innocent of all allegations against her.

55.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, actually knew or reasonably should have known that the allegations against Ms. Anderson were fabricated and fraudulent.

56.     That at all times relevant herein, the agents, servants and/or employees of NYPD and The City, conspired to fraudulently and maliciously accuse Ms. Anderson of crimes of which she was innocent ("malfeasance").

57.     That defendants knew, and/or reasonably should have known, that there was no basis whatsoever to charge Ms. Anderson under the false charges or pursuant to the false warrant.

58.     Moreover, the complete and utter lack of merit and baseless nature of any conceivable criminal investigation and/or criminal prosecution of Ms. Anderson was readily apparent and patently obvious to all defendants but yet said criminal investigation and/or criminal prosecution of Ms. Anderson continued unabated, causing serious injury to Ms. Anderson and infringing, violating and rupturing her civil rights.

59.     That defendants' their agents, servants, and/or employees unlawfully and falsely arrested and imprisoned Ms. Anderson in furtherance to the malfeasance.

60.     That at all times relevant herein, defendants used excessive force and physical force upon Ms. Anderson causing her to sustain severe and permanent injuries, despite the fact that plaintiff did not pose a threat to the physical safety of either officer, or to the public at large, or to any third party. Furthermore, the defendants used excessive force against the plaintiff despite the plaintiff's submissive and non-threatening conduct, which was duly deferential and respectful of the defendants' apparent authority as law enforcement officers and/or state actors engaged in a law enforcement capacity.

61.     That at all times relevant herein, during the unlawful apprehension, detention, arrest, imprisonment, assault and battery of Ms. Anderson, the NYPD police officers used excessive, unnecessary and unwarranted force upon Ms. Anderson, without her consent and without justification or legal basis.

62.     That at all times relevant herein, Ms. Anderson suffered extreme, disabling and protracted pain to her head, neck, back and limbs as a result of the excessive force.

63.     That at all times relevant herein, notwithstanding that the apprehension, arrest, detention and imprisonment was unjust, unwarranted, without cause, with excessive force and unlawful, Ms. Anderson complied with the officers' commands and did not resist.

64.     That at all times relevant herein, defendants, their agents, servants and/or employees, while acting in concert, maliciously and with the intent to injure Ms. Anderson, and without just cause or any right to do so, handcuffed, detained, jailed and restrained Ms. Anderson against her will, thereby depriving her of her liberty.

65.     That the criminal charges filed against Ms. Anderson were falsely and maliciously fabricated by defendants, their agents, servants and/or employees based on false and incomplete information provided by defendants, their agents, servants and/or employees, in violation of Ms. Anderson civil rights and in furtherance of the malfeasance.

66.     That at all times relevant herein, defendants, with disregard for proper, lawful, appropriate, correct and effective investigative behaviors and procedures, investigated, stopped, detained, accused, arrested and charged Ms. Anderson when it was not right, just, lawful, proper or necessary to do so.

67.     That at all times relevant herein, defendants, their agents, servants and/or employees had no cause or basis to stop, question or search Ms. Anderson.

68.     That at all times relevant herein, defendants falsely stopped Ms. Anderson for no reason and without probable cause to do so, then assaulted Ms. Anderson and battered her as described above.

69.     That at all times relevant herein, defendants placed Ms. Anderson under arrest for crimes that she did not commit.

70.     That at all times relevant herein, Ms. Anderson was innocent of the false charges made against her further to the malfeasance.

71.     That at all times relevant herein, defendants, their agents, servants and/or employees acted maliciously and intentionally.

72.     That at all times relevant herein, the arrest, assault, battery and detention of Ms. Anderson were unlawful, unwarranted and unjustified.

73.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or should have known that Ms. Anderson was innocent of the crime charged.

74.     That at all times herein mentioned, and without proof that Mrs. Anderson was in any way connected to a crime, or that any crime was, in fact, committed, and without reasonable suspicion to stop Ms. Anderson, and without probable cause to detain or arrest Ms. Anderson, defendants, their agents, servants and/or employees individually, and acting in concert, knowingly, unlawfully, wrongfully and in furtherance of the malfeasance fabricated the false charges against Ms. Anderson and set these charges forth in false and fabricated criminal complaints, falsely sworn by the defendant police officers.

75.     The criminal complaint and reports against plaintiff were and are false and fraudulent.

76.     Based upon the false criminal complaint and complaint reports prepared, upon information and belief, by the defendant employees, the Criminal Court arraigned Ms. Anderson on the false charges.

77.     That at all times herein, defendants, their agents, servants and/or employees, all of whom were acting in the performance of their employment, within the scope of their authority and in furtherance of policies and practices implemented by The City and NYPD.

78.     That at all times herein, said policies and practices included the implementation of a quota system with respect to the quantity of arrests expected and/or required of its police officers, including the aforesaid police officers.

79.     That at all times herein, said policy and practice violated the civil rights of the public, including Ms. Anderson herein.

80.     That at all times herein, defendants caused the unlawful investigation of Ms. Anderson and the false arrest, unlawful imprisonment and malicious prosecution.

81.     That at all times herein, defendants, their agents, servants and/or employees have an unlawful policy and practice that utilizes racial profiling when conducting investigations and performing its duties.

82.     That Ms. Anderson was released from Central Booking after seeing the judge.

83.     Ms. Anderson has suffered and continues to suffer psychological and emotional injuries and damage as a result of the events described herein.

84.     That the aforesaid assault, battery and abuse of authority was not the first incident wherein defendants committed acts of misconduct while on duty as members of NYPD.

85.     That NYPD and The City had actual and constructive notice of defendants' propensities for violence and misconduct but failed to do anything to mitigate the danger that their continued employment presented to the public at large, including the plaintiff herein.

86.     That at all times relevant herein, the NYPD and The City did fail to train and/or retrain and/or reinstruct their officers after acquiring notice of their defective and dangerous propensities. The NYPD and The City did negligently hire, retain and train the individually named police officer defendants to the detriment of the public and to the plaintiff herein.

87.     By reason of the foregoing acts of the defendants, and as a direct and proximate result of the acts of the defendants, Ms. Anderson suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer pain in the future.

88.     By reason of the foregoing acts of the defendants, Ms. Anderson was caused severe and intense emotional and psychological anguish, distress and embarrassment and will continue to suffer same in the future.

89.     By reason of the foregoing, Ms. Anderson was compelled to and did necessarily, require medical attention and did necessarily pay and become liable therefore, and will necessarily continue to incur similar expenses in the future.

90.     By reason of the foregoing, Ms. Anderson was compelled to, and did necessarily incur legal fees and did necessarily pay and become liable therefore, and will necessarily incur similar legal fees in the future.

## PROCEDURAL PREREQUISITES

91.     On or about August 13, 2013, Ms. Anderson filed a Notice of Claim against the defendants pursuant to General Municipal Law §50e.

92.     The aforesaid Notice of Claim was duly served upon the defendants within ninety (90) days after the causes of action of plaintiff accrued.

93.     More than thirty (30) days have elapsed since the service of the Notice of Claim upon the defendants.

94.     That on or about December 3, 2013, Ms. Anderson was present for an examination pursuant to GML § 50-h.

95.     The defendants and the comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

96.     This action has been commenced within three (3) years after the cause of action of plaintiff accrued.

97.     Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

## FIRST CAUSE OF ACTION

FALSE ARREST

98.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 97, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

99.     Defendants had no probable cause to believe that plaintiff had committed a crime and plaintiff did not engage in any conduct that warranted her arrest.

100.     As a result of the aforesaid conduct by defendants, Ms. Anderson was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without probable cause, privilege or consent.

101.     By reason of their aforesaid conduct, defendants falsely arrested the plaintiff and thereby violated her rights under New York state law and under the Fourth and Fourteenth Amendments to the United States Constitution.

102.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION

UNLAWFUL IMPRISONMENT

103.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 102, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

104.    By reason of defendants' aforesaid conduct, plaintiff was detained without her consent and defendants knew he was detained against her consent.

105.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## THIRD CAUSE OF ACTION

AGAINST INDIVIDUAL DEFENDANTS
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

106.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 105, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

107.    The defendants, acting in concert and individually and under the color of law, have deprived the plaintiff of her civil, constitutional and statutory rights and have conspired to deprive

the plaintiff of such rights under 4th and 14th amendments and are liable to the plaintiff under the 5th amendment, 8th amendment, 42 U.S.C. §1983, §1985 and §1985.

108. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY OF NEW YORK
AND NEW YORK CITY POLICE DEPARTMENT
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

109. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 108, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

110. Defendants The City and NYPD knew or should have known of its employees, agents and/or servants propensity to engage in the illegal and wrongful acts detailed above.

111. Prior to the dates of occurrence as set forth herein, The City and NYPD developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of the plaintiff's rights.

112.    At all relevant times herein, while at The Police Academy and intermittently thereafter, Patrol Officers and Police Officers including the named defendants receive training and instruction formulated by The City and NYPD and said training includes instruction as to custom and practice of The City and NYPD and same relates to the arrest procedure and procedure surrounding stops and frisks. Said custom and practice, and said training and instruction regarding arrests, stops and frisks, by the very nature of the custom and practice violate the civil rights of the public, including the plaintiff herein, and said custom and practice infringe upon the rights of the public at large, including the plaintiff herein. In this subject case, the enforcement of the said custom and practice did in fact violate the rights of the plaintiff herein.

113.    Prior to and including the dates of occurrences as set forth herein, upon information and belief, The City and NYPD developed and maintained policies and/or customs contributing to the causation of the subject incidents and the plaintiff's injuries, such as racial profiling and the use and enforcement of a quota system with respect to stops, frisks, searches, police encounters, investigations and arrests.

114.    Upon information and belief, it was the policy and/or custom of The City and NYPD to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by The City and NYPD, including, but not limited to the incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

115.    It was the policy and/or custom of The City and NYPD to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual

defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City and NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

116.    As a result of the above described policies and/or customs, police officers of NYPD believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

117.    The above policies and/or customs demonstrated a deliberate indifference on the part of the policymakers of The City and NYPD to the constitutional rights of persons within the City of New York and were the cause of the violations of the plaintiff's rights alleged herein.

118.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FIFTH CAUSE OF ACTION
UNREASONABLE AND EXCESSIVE FORCE
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

119.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 118, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

120.    By their conduct, defendants under color of law deprived Ms. Anderson of her constitutional rights to be free from excessive and unreasonable force.

121.    Plaintiff claims compensatory and punitive damages for the injuries set forth above and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SIXTH CAUSE OF ACTION
ASSAULT AND BATTERY

122.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 121, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

123.    By reason of defendants' aforesaid acts, specifically in the course of their false arrest and imprisonment of the plaintiff, defendants committed the torts of assault and battery upon her.

124.    That at all relevant times herein, defendants, their agents, servants and/or employees were under a duty to protect Ms. Anderson from the violation of her civil rights, menacing, assault, battery, excessive force, brutality, and/or other intentional acts, negligence, recklessness and/or want of care in her unlawful detention and/or arrest by the NYPD police officers committing said acts.

125.    That at all relevant times herein, defendants, their agents, servants and/or employees menaced, assaulted, battered, and used excessive force, maliciousness and brutality in the arrest, detention and custody of Mr. Anderson.

126.    That at all relevant times herein, defendants, their agents, servants and/or employees caused Ms. Anderson to reasonably apprehend that he was about to be harmfully and offensively contacted in her arrest and detention.

127.    That at all relevant times herein, defendants, their agents, servants and/or employees offensively contacted and harmed Ms. Anderson during her arrest and detention.

128.    That at all relevant times herein, defendants, their agents, servants and/or employees acted in an unsafe and unreasonable manner in the arrest, detention and custody of Ms. Anderson under the circumstances and conditions then and there existing.

129.    That at all relevant times herein, defendants, their agents, servants and/or employees were negligent, reckless and intentional in their failure to protect Ms. Anderson from the violation of her civil rights, menacing, assault, battery, excessive force and brutality in her arrest and/or detention.

130.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

131.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 131, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

133.   By their foregoing acts, specifically their false arrest and unlawful imprisonment of her, their assault and battery upon her, defendants intended to and did cause the foregoing harm to plaintiff.

134.   That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

135.   That at all times relevant herein, defendants, their agents, servants and/or employees acted intentionally and/or with a reckless disregard for the likelihood of causing emotional distress to plaintiff in being verbally abusive, intimidating and threatening to her.

136.   That at all times relevant herein, defendants, their agents, servants and/or employees acted heinously and beyond the standards of civilized decency.

137.   That at all times relevant herein, defendants, their agents, servants and/or employees' conduct was utterly intolerable in a civilized society.

138.   That at all times relevant herein, defendants, their agents, servants and/or employees committed these acts in public.

139.   That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries;

loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

140.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 139, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

141.      That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to refrain from abusing their power and position and from fraudulently and maliciously pursuing the malfeasance, including all acts further thereto as set forth above.

142.      That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that the malfeasance could lead to plaintiff's harm.

143.      That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to conduct themselves properly as public officials and not to abuse their power and position in the manner as set forth above.

144.      That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff by abusing their power and position as set forth above.

145.      That at all times relevant herein, defendants, their agents, servants and/or employees were under an affirmative duty to treat plaintiff with courtesy, professionalism and respect.

146.     That at all times relevant herein, defendants, their agents, servants and/or employees knew or reasonably should have known that failing and/or refusing to treat plaintiff with courtesy, professionalism and respect could lead to her harm under the circumstances then and there existing.

147.     That at all times relevant herein, plaintiff justifiably relied upon defendants, their agents, servants and/or employees to treat her with courtesy, professionalism and respect.

148.     That at all times relevant herein, defendants, their agents, servants and/or employees breached their duty to plaintiff in being verbally abusive, intimidating and threatening to her and her family.

149.     That solely as a result of the negligence of defendants as aforesaid, Ms. Anderson suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had her civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## NINTH CAUSE OF ACTION
FAILURE TO INTERVENE

150.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 149, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

151.     Each and every individual defendant had an affirmative duty to intervene on Ms. Anderson's behalf to prevent the violation of her constitutional rights.

152.    The individual defendants failed to intervene on Ms. Anderson behalf to prevent the violation of her constitutional rights despite having had a realistic opportunity to do so.

153.    As a result of the aforementioned conduct of the individual defendants, Ms. Anderson constitutional rights were violated and he was subjected to excessive force, causing her to suffer injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, severe and permanent personal physical injuries, loss of enjoyment of life, had her civil rights violated, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TENTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

154.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 153, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

155.    Defendants abused the legal process to place Ms. Anderson under arrest.

156.    Defendants arrested Ms. Anderson in order to obtain a collateral objective outside the legitimate ends of the legal process.

157.    Defendants acted with intent to do harm to Ms. Anderson without excuse or justification.

158.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and

permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**ELEVENTH CAUSE OF ACTION**

DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE
TO PROTECT WHILE IN CUSTODY
VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. §1983, §1985 AND §1988

159.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 158, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

160.    By their conduct and under color of law, defendants deprived Ms. Anderson of her constitutional rights to immediate medical treatment and failed to protect her once she became a prisoner, thus perpetuating and exacerbating her physical and mental pain and suffering.

161.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION
### NEGLIGENT HIRING AND RETENTION

162.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 161, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

163.    Upon information and belief, defendants failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest and imprisonment of Ms. Anderson.

164.    Defendants knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Verified Complaint.

165.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## THIRTEENTH CAUSE OF ACTION
### NEGLIGENT TRAINING AND SUPERVISION

166.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 165, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

167.    Upon information and belief, defendants failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Ms. Anderson.

168.    That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Ms. Anderson suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; serious, severe and permanent personal injuries and disabilities; pain and suffering and loss of enjoyment of life; economic harm; was rendered sick, sore, lame and disabled; sustained severe mental anguish, nervous shock and great physical pain and has been damaged accordingly in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## FOURTEENTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

169.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 168, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

170.    As a result of the foregoing malicious prosecution, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## FIFTEENTH CAUSE OF ACTION

### NEGLIGENCE

171.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 170, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

172.    That defendants were negligent in the false arrests, unlawful imprisonments and malicious prosecution of Ms. Anderson; in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances without any negligence on the part of Ms. Anderson contributing thereto; and defendants were negligent in hiring and retaining a persons who were unfit to serve as police officers and who they knew or should have known had dangerous propensities and lack of proper temperament, in that defendants failed to exercise reasonable precautions in employing the aforesaid police officers and failing to properly investigate their background and that these police officers were otherwise unfit to serve as police officers for defendants; and defendants were negligent in its instructions of its police officers b not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of defendants and in training and instructions, among other things of the proper conduct of police officers in making an arrest and what they should do following an arrest of an individual.

173.    That defendants are liable for the conduct of their agents, servants and/or employees by virtue of *respondeat superior.*

174.    As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, loss of freedom, loss of enjoyment of life, had her civil rights violated, severe and permanent emotional injuries, severe and permanent psychological

injuries, anguish, distress, humiliation, embarrassment, shame, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries and accordingly has been damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SIXTEENTH CAUSE OF ACTION
### PUNITIVE DAMAGES

175.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 174, inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

176.    Due to the above, Ms. Anderson should be awarded punitive damages as against the defendants in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff, DORIS ANDRESON, demands judgment against the defendants stated herein under the first cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the second cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the third cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fourth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the fifth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the sixth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the seventh cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter; under the eighth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the ninth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the tenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the eleventh cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the twelfth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the thirteenth cause of action in an amount exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction over this matter, under the fourteenth cause of